**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  19-cv-60621-BLOOM/Valle**

MONIQUE BARNES,

      Plaintiff,

v.

DEPARTMENT CHILDREN FAMILIES
and CHILDNET,

      Defendants.

_____/

**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**
**AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to proceed *in forma pauperis*, ECF No. [3] (the "Motion").  The Court has carefully considered the Motion, the record in this case, and is otherwise fully advised.  For the reasons that follow, Plaintiff's Motion is denied and this case is dismissed without prejudice.

**I.  LEGAL STANDARD**

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable.  Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *Id.* § 1915(e)(2).  In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[ ] that the pleader is entitled to relief."  Fed. R. Civ. P.

1

8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912–13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

**II. DISCUSSION**

Plaintiff Meshia Morant, proceeding on her own behalf, filed this action against the Florida Department of Children and Families and Childnet. While Plaintiff's Complaint is difficult to decipher, Plaintiff appears to seek to regain her parental rights over two of her minor children. Attached to the Complaint is an order from a South Carolina state court custody proceeding

recommending granting custody of Plaintiff's two minor children to Plaintiff's mother. Plaintiff's Complaint does not allege a basis for federal court jurisdiction.

### A. The Domestic Relations Exception and the *Rooker-Feldman* Doctrine Preclude Jurisdiction

To the extent that Plaintiff seeks to have this Court intervene in the of South Carolina court's custody determination of her minor children, this Court is precluded from exercising jurisdiction pursuant to what is known as the "domestic relations exception." As the Supreme Court has emphasized, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (alteration omitted), *abrogated on other grounds*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014); *see also United States v. Windsor*, 133 S. Ct. 2675, 2691 (2013) ("Federal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy . . . of the States in the regulation of domestic relations.'" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 714 (1992))). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988); *see also Guevara v. Padin*, 2016 WL 7188783, at *3 (S.D. Fla. Nov. 9, 2016) ("Many courts willingly apply the domestic relations exception to federal questions and constitutional issues involving intra-family disputes and decline jurisdiction over federal questions which would deeply involve them in adjudicating domestic affairs. . . . This Court will not enmesh itself in a dispute involving enforcement of a judgment for child support or allegedly miscalculated child support payments. Accordingly, the Court shall abstain from exercising jurisdiction over the Plaintiff's federal law

claims pursuant to the domestic relations exception.") (quoting *Ingram v. Hayes*, 866 F.2d 368, 371 (11th Cir. 1988) (internal quotation marks and citations omitted)).

Based on Plaintiff's Complaint, it appears that Plaintiff's claims involve Plaintiff's custody of her two minor children and would require the Court to review or interfere with the underlying state proceedings pertaining to the custody and care of the children—a matter traditionally within the domain of the state courts. *See, e.g.*, *Guevara*, 2016 WL 7188783, at *3 (applying the domestic relations exception and declining jurisdiction over the plaintiff's civil rights and due process claims under 42 U.S.C. § 1983 arising from a state court judgment for child support); *Todd v. Bahrke*, 604 Fed. Appx. 558, 559 (9th Cir. 2015) (affirming district court's dismissal of a § 1983 case alleging federal and state law violations arising out of child custody proceedings in which the district court found that the domestic relations exception bolstered the determination that subject matter jurisdiction was inappropriate); *Angelet v. Ruiz*, 2016 WL 2977271, at *2 (E.D.N.Y. May 20, 2016) (applying the domestic relations exception and finding lack of subject matter jurisdiction over a § 1983 action relating to child custody by a father against his ex-wife and various state court judges and officials); *Bodda v. State of Idaho Child Protective Servs.*, 2016 WL 3647841 (D. Idaho July 1, 2016) (holding that the court lacked subject matter jurisdiction over claims involving parental rights where plaintiff had alleged the wrongful deprivation of custody of her child).

In addition, Plaintiff's claim must be dismissed under the *Rooker-Feldman* doctrine, which provides that no federal court, other than the United States Supreme Court, has the authority to review final judgments of state courts. *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*,

263 U.S. 413, 416 (1923)). "[T]he authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Id.* (citing *Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987)). The Supreme Court, in turn, has explained that "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284, 293 (2005). Further, "[f]ederal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment." *Dale*, 121 F.3d at 626

Ultimately, a ruling on any claims asserted in the Complaint would require that this Court adjudicate a dispute involving custody of Plaintiff's minor children and would be inextricably intertwined with the state court's judgment over that dispute. Accordingly, this Court lacks jurisdiction to review such claims.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, **ECF No. [3]**, is **DENIED**.
3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No.  19-cv-60621-BLOOM/Valle

Copies to:

Counsel of Record

Monique Barnes
117 McRae Street
Columbia, SC 29203